UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RACHEL L. LEHNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-CV-365 JD |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

The Court previously remanded this social security appeal to the Commissioner for further proceedings on plaintiff Rachel Lehner's claim for benefits. [DE 19]. The Court also awarded attorneys' fees under the Equal Access to Justice Act in the amount of $8,228.74. [DE 26]. Plaintiff's counsel noted that the EAJA fee award was confiscated to offset Plaintiff's federal debt. [DE 27-2]. On remand, the Commissioner made a fully favorable decision on Ms. Lehner's claim. Ms. Lehner's attorney now moves for an award of attorneys' fees under 42 U.S.C. § 406(b). [DE 27]. He seeks one quarter of the amount of past-due benefits, which is $18,099.50. The Commissioner does not oppose this request. [DE 28].

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

The fees awarded under 406(b) must also be reasonable. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

The Court finds the requested fee is reasonable under that standard. Counsel spent 44.5 hours of attorney time on Ms. Lehner's appeal in this Court. [DE 27-4]. This resulted in a rate of about $406 per hour, which is well within the range of rates that courts have approved in this context. Given the excellent result Ms. Lehner achieved through this action, that is very reasonable.

The Court therefore GRANTS the motion for attorneys' fees under § 406(b) in the amount of $18,099.50 and ORDERS the Commissioner to pay that amount out of the award of past-due benefits. [DE 27].

SO ORDERED.

ENTERED:  June 23, 2021

/s/ JON E. DEGUILIO
Chief Judge
United States District Court